**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO:

SAGE EPSTEIN,

    Plaintiff,

v.

METHOD HEALTH, LLC.,
a Florida limited liability company,
APEX FLORIDA, LLC, a Florida
limited liability company,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, SAGE EPSTEIN ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, METHOD HEALTH, LLC, (hereinafter "METHOD HEALTH"), and APEX FLORIDA, LLC, (hereinafter "APEX"), (collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime wages during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during the course of her employment period.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, METHOD HEALTH, was a Florida limited liability company located and transacting business within Fort Lauderdale, Florida, within the jurisdiction of this Honorable Court. METHOD HEALTH is headquartered and operates its principal location at 2810 E. Oakland Park Blvd., Suite 200(A), Fort Lauderdale, Florida 33306.

4. Defendant, METHOD HEALTH, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent hereto

5. During all times material hereto, Defendant, APEX, was a Florida limited liability company located and transacting business within Fort Lauderdale, Florida, within the jurisdiction of this Honorable Court. APEX is headquartered and operates its principal address at 1164 East Oakland Park Blvd., Suite 201, Oakland Park, Florida 33334.

6. During all times material hereto, Defendant, APEX was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

7. Defendants, METHOD HEALTH and APEX, were Plaintiff's joint employers, as that term is defined by the FLSA and pertinent regulations.

**JURISDICTION AND VENUE**

8. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendants, METHOD HEALTH and APEX are headquartered and regularly transact business in Broward County, Florida. Thus, jurisdiction is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

**GENERAL ALLEGATIONS**

11. Defendant, METHOD HEALTH, purports to provide men, women and children with physician directed programs to optimize health and wellness. *See https://www.linkedin.com/company/methodhealth/about/* (last visited July 14, 2021).

12. Defendant, METHOD HEALTH, purports to employ 11-50 individuals. *See https://www.linkedin.com/company/methodhealth/about/* (last visited July 14, 2021).

13. Defendant, APEX, is a comprehensive pain management clinic and has been operating in Florida since at least 2010.

**FLSA COVERAGE**

14. Defendant, METHOD HEALTH, is covered under the FLSA through enterprise coverage, as METHOD HEALTH was engaged in interstate commerce during Plaintiff's employment period. More specifically, METHOD HEALTH's business and Plaintiff's work for METHOD HEALTH affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, METHOD HEALTH, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A).*

15. During her employment with Defendant, METHOD HEALTH, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, computer keyboards, desk organizers, hand sanitizer, protective gowns, masks, gloves, face shields, stethoscopes, needles, syringes, sterilization products, Band-Aids, gauzes, Tylenol, chairs, pens, paper, pencils, folders, prescription pads, calendars, envelopes, stamps, printers, IVs, blood collection tubes, blood safety lancets, tourniquets, etc.

16. Defendant, METHOD HEALTH, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, METHOD HEALTH an enterprise covered by the FLSA.

17. Defendant, METHOD HEALTH, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

18. Defendant, APEX, is covered under the FLSA through enterprise coverage, as APEX was engaged in interstate commerce during Plaintiff's employment period. More specifically, APEX's business and Plaintiff's work for APEX affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, APEX, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

19. During her employment with Defendant, APEX, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, computer keyboards, desk organizers, hand sanitizer, protective gowns, masks, gloves, face shields, stethoscopes, needles, syringes, sterilization products, Band-Aids, gauzes, Tylenol, chairs, pens, paper, pencils, folders, prescription pads, calendars, envelopes, stamps, printers, IVs, blood collection tubes, blood safety lancets, tourniquets, etc.

20. Defendant, APEX, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, APEX an enterprise covered by the FLSA.

21. Defendant, APEX, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

22. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, METHOD HEALTH and APEX, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE

23. During all times material hereto, Defendants METHOD HEALTH and APEX performed substantially related activities, as both corporate entities focused their operation on providing health and wellness services to their patients.

24. Defendants, METHOD HEALTH and APEX used central management and/or common control to effectuate the business needs of both entities.

25. Moreover, during all times material hereto, Defendants, METHOD HEALTH and APEX, were engaged in offering substantially the same or similar services to their clients, customers, patients and employees.

26. Defendants, METHOD HEALTH and APEX also shared a common business purpose during all times material hereto.

27. During all times material hereto, Defendant, METHOD HEALTH used APEX's assistance in its operations and vice-versa.

28. During times material hereto, supervisors for APEX managed and supervised METHOD HEALTH employees, including Plaintiff, and vice-versa.

29. Upon information and belief, the gross revenue of Defendants, METHOD HEALTH and APEX, was collectively in excess of $500,000.00 in 2018, 2019, 2020 and are expected to collectively gross in excess of $500,000.00 in 2021.

30. Defendants, METHOD HEALTH and APEX intermingle resources, finances, employees and supplies to provide services and resources to their clients, patients, customers and employees.

31. During all time periods hereto, Defendants, METHOD HEALTH and APEX, maintained control over the day-to-day operations of METHOD HEALTH and APEX, including the payroll, human resources, hiring, firing, and scheduling of duties.

## PLAINTIFF'S WORK FOR DEFENDANTS

32. Plaintiff began working for Defendant, METHOD HEALTH, as a part time medical assistant on or about January 16, 2021.[1]

33. On March 16, 2021, Plaintiff became a full-time employee and began working for both METHOD HEALTH and APEX. Moreover, beginning on or about March 16, 2021, Defendant, METHOD HEALTH directed Plaintiff to work two (2) days per week for APEX, at an APEX facility. However, METHOD HEALTH compensated Plaintiff for the work she performed for APEX.

34. Plaintiff performed identical work for both METHOD HEALTH and APEX from March 16, 2021 until her termination on or about June 29, 2021.

35. At all times material hereto, Plaintiff was a non-exempt, hourly employee, and was paid $17 per hour working for Defendants, plus a non-discretionary bonus for calling new leads from METHOD HEALTH'S Facebook page.

36. The non-discretionary bonus/commission was structured based upon the number of calls Plaintiff made on a weekly basis. Plaintiff also received additional non-discretionary

---

[1] On information and belief, Plaintiff worked less than 40 hours per week from January 16, 2021, through March 16, 2021.

remuneration when the leads she contacted visited METHOD HEALTH. These bonus/commission payments were non-discretionary. Plaintiff regularly received her bonus/commission payment in addition to her hourly rate, and Plaintiff reasonably expected to receive the bonus/commission during each pay period.

37. As a result of the bonus/commission payments, Plaintiff's total remuneration would fluctuate from pay period to pay period, thus altering Plaintiff's regular hourly rate for purposes of overtime compensation.

38. From March 16, 2021 until on or about June 29, 2021, Plaintiff worked an average of 70 hours per week for Defendants.

39. In one or more workweeks, Defendants failed to compensate Plaintiff time-and-one-half her regular hourly rate when Plaintiff worked in excess of forty (40) hours in a workweek.

40. Defendants' payroll records during the relevant time period do not accurately reflect the hours that Plaintiff worked.

41. Moreover, Defendants did not maintain accurate time records during Plaintiff's employment period.

42. During all times material hereto, Defendants required Plaintiff to perform work from home, during after-hours, and on the weekends.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against All Defendants)**

43. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 42 as though set forth fully herein.

44. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

45. Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half her regular hourly rate as required by the FLSA for all hours worked in excess of forty (40) in a workweek.

46. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew (or should have known) of the overtime requirements of the FLSA, but failed to comply with same.

47. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

48. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

49. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

50. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SAGE EPSTEIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, METHOD HEALTH, LLC, and APEX FLORIDA, LLC, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants, jointly and severally; (b) liquidated damages to be paid by the Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, SAGE EPSTEIN, requests and demands a trial by jury on all appropriate claims.

**Dated this 15th day of July 2021.**

>Respectfully Submitted,
>
>**USA EMPLOYMENT LAWYERS-**
>**JORDAN RICHARDS, PLLC**
>805 E. Broward Blvd. Suite 301
>Fort Lauderdale, Florida 33301
>Ph: (954) 871-0050
>*Counsel for Plaintiff*
>
>By: */s/ Jordan Richards*
>JORDAN RICHARDS, ESQUIRE
>Florida Bar No. 108372
>JAKE BLUMSTEIN, ESQUIRE
>Florida Bar No. 1017746
>*Jordan@jordanrichardspllc.com*
>*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 15, 2021.

>By: */s/ Jordan Richards*
>JORDAN RICHARDS, ESQUIRE
>Florida Bar No. 108372

## SERVICE LIST: